IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cr-00237-M

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ANTHONY WAITER WILLIAMS,<br><br>  Defendant. | ORDER |

This matter comes before the court on Defendant's *pro se* motions to remove counsel [DE 90] and proceed with self-representation [DE 93]. Defendant was named in a two-count indictment charging him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute five-hundred grams or more of cocaine, while aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. DE 1. He pleaded not guilty to both charges on April 11, 2023. DE 76. A pretrial conference is set for October 12, 2023, at 9:30 a.m., and trial is expected to last four days beginning on October 17, 2023, at 10:00 a.m. *See* DE 78.

Defendant filed the instant motion, indicating his belief that his current counsel, Mr. Damon Chetson, has been "ineffective" because Mr. Chetson has failed to object to the allegation of prior conviction as contained in the indictment. *See* DE 90. As explained in his *pro se* motion to dismiss the indictment [DE 85], Defendant believes there are meritorious grounds to dismiss the indictment because the naming error ("Joseph Thomas") in the allegation of prior conviction deprives him of "adequate notice to defend the charges against him." DE 85 at 3–4. Because Mr.

Chetson has chosen not to advance this argument on Defendant's behalf, Defendant wishes to terminate representation and waive his right to counsel.

On July 25, 2023, the court held a hearing to determine whether Defendant's decision to remove counsel and proceed with self-representation was knowing and voluntary. During the hearing, Defendant stated he understood the pending charges; the penalties; the court's limited, non-advisory role; the procedurally technical nature of future proceedings, including trial; and the benefits of representation by experienced counsel. Despite the extensive penalties if found guilty and the potential difficulties, Defendant clearly and unequivocally stated that he wanted to proceed with self-representation and that his decision was voluntary and free from coercion.

The record supports Defendant's in-court representations. Since his indictment, the court has appointed four attorneys to ensure Defendant receives adequate representation against the charges brought by the United States. It appears that Defendant's desire to file certain pretrial motions has been among the primary reasons for the removal or withdrawal of all four previously appointed attorneys. DE 22 (explaining that Defendant's request to file motions "without adequate basis" motivated counsel's withdrawal); DE 48 (stating that counsel "have [sic] not been able to address" defendant's concerns and "lacks the focus" to assist on defendant's case); DE 61 (reporting an irretrievable breakdown in communication due to Defendant's "insurmountable intent to file motions" that counsel believes are either frivolous or nonstrategic); DE 90 (stating that "[c]ounsel is ineffective for the failure to object [to] the inclusion of [the] statutory [enhancement under] 21 U.S.C. [§] 841(b)"). Each termination stemmed from not only Defendant's desire to advance certain legal arguments in his defense but also his numerous concurrent filings advancing those arguments against which advice had been offered. *See, e.g.*, DE 58; DE 59; DE 65; DE 70. *See generally* DE 81 (explaining why Defendant's arguments to

2

suppress evidence and for a *Franks* hearing do not entitle him to relief). Given his statements during the hearing, this record demonstrates that he intends to act where previously appointed counsel have decided they would not.

Based on Defendant's statements and the entire record, the court finds that Defendant has unequivocally, knowingly, and voluntarily waived his right to counsel. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Faretta v. California*, 422 U.S. 806, 835 (1975); *United States v. Roof*, 10 F.4th 314, 359–60 (4th Cir. 2021), *cert. denied*, 143 S. Ct. 303 (2022) ("[T]he trial court must nevertheless assure itself that the defendant knows the charges against him, the possible punishment and the manner in which an attorney can be of assistance, as well as the dangers and disadvantages of self-representation." (citations and internal quotation marks omitted)).

For the foregoing reasons, Defendant's *pro se* motions to remove counsel [DE 90] and to proceed with self-representation [DE 93] are GRANTED. Defendant may represent himself for the remainder of the case. Should Defendant decide he no longer wishes to represent himself, he may file the appropriate motion for the court's consideration.

Mr. Chetson is DIRECTED to provide temporary representation as standby counsel. *See United States v. Lawrence*, 161 F .3d 250, 253 (4th Cir. 1998). Representation as standby counsel is limited to the following duties: (1) consulting with Defendant before and after court proceedings and during any breaks within court proceedings; (2) sitting with Defendant at counsel's table to provide "elbow advice" directly to Defendant and serve as an intermediary between the Government and Defendant during court proceedings; and (3) facilitating Defendant's receipt of filings and other communications delivered to standby counsel. Standby counsel will not (1) provide advice to Defendant on strategy, the availability of legal defenses, or motions; (2) file any

motions on Defendant's behalf; or (3) speak for Defendant or perform any function other than giving Defendant "elbow advice." As this case proceeds these limitations may be further refined.

In light of the pending *pro se* motions to dismiss [DE 57; DE 85], the court VACATES the dates for the pretrial conference and trial and will reschedule these proceedings, if necessary, following its disposition of the pending pretrial motions.

The court has determined that the ends of justice served by granting Defendant's motions and vacating the dates for the pretrial conference and trial outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by granting Defendant's motions and vacating the dates for the pretrial conference and trial shall therefore be excluded in computing Defendant's speedy-trial time. *See* 18 U.S.C. § 3161(h)(7).

SO ORDERED this 26th day of July, 2023.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE