IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cr-00237-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY WAITER WILLIAMS, | |
| Defendant. | |

This matter comes before the court on the subpoenaed witness's letter [DE 155], which the court construes as a pro se motion to quash. The subpoenaed witness requests release from Defendant's trial testimony subpoena because he has no relevant and favorable testimony to offer and plans to invoke his right against self-incrimination. He also states he is currently at risk of RDAP disenrollment at FCI Edgefield because of his relocation to a local jail pursuant to the subpoena. Standby counsel provided Defendant with a copy of the instant motion on March 1, 2024. Defendant indicated his general opposition then but has not filed a written response. The response deadline has since expired.

Under the Sixth Amendment, a defendant has a right to compulsory process to obtain witness testimony, provided that he "at least make[s] some plausible showing of how their testimony would [be] both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). If the defendant has a right to compel witness testimony but that right "conflicts with a witness' privilege against self-incrimination," the court should "make a proper and particularized inquiry into the legitimacy and scope of the witness' assertion of the

privilege." *United States v. Sayles*, 296 F.3d 219, 223 (4th Cir. 2002) (cleaned up). "A district court does not abuse its discretion when it refuses to require a witness to testify before the jury solely to invoke [his] Fifth Amendment privilege." *See, e.g.*, *United States v. Appiah*, 690 F. App'x 807, 809 (4th Cir. 2017); *United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008); *United States v. Smith*, 2018 WL 3447188, at *3 (W.D.N.C. July 17, 2018) (quashing subpoena because witness "assert[ed] his Fifth Amendment privilege to not testify").

The subpoenaed witness intends to invoke his right against self-incrimination if he were called to testify. The court need not require the witness to take the stand solely so that he may exercise his Fifth Amendment privilege. *See, e.g.*, *Branch*, 537 F.3d at 342; *Appiah*, 690 F. App'x at 809 (affirming district court's refusal to permit defendant from calling "a witness who would take the stand solely to invoke her Fifth Amendment privilege").

Moreover, the court has conducted several pretrial hearings during which Defendant had the opportunity to explain the relevance and materiality of the subpoenaed witness's prospective testimony. Defendant was unable to provide a cogent response in each instance. However, Defendant states, in response to the instant motion, that the subpoenaed witness hired Tiffany Lake, a known drug courier, to transport drugs from Houston, TX to Raleigh, NC and that he did not hire Ms. Lake or Nadine Hasty, another known drug courier, to transport drugs for him. DE 156. Even if the court assumes these assertions are true, Defendant does not explain how these facts would "affect[] the outcome of the trial." *See Valenzuela-Bernal*, 458 U.S. at 868.

For the foregoing reasons, the pro se motion to quash [DE 155] is GRANTED. The court QUASHES the subpoena requiring the appearance and testimony of Rontario Montrell Hill (BOP Inmate No. 63440-509) on January 30, 2024. The U.S. Marshal shall return Mr. Hill to FCI

Edgefield so that he may serve the remainder of his carceral sentence as intended by the sentencing court.

SO ORDERED this 18th day of March, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE