IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cr-00237-M

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ANTHONY WAITER WILLIAMS, Defendant. | ORDER |

This matter comes before the court on the subpoenaed witness's motion to quash [DE 167]. The subpoenaed witness, Marcus Lee, asserts that he has no knowledge of Defendant and intends to invoke his right against self-incrimination. Defendant opposes the motion, as explained during the April 2, 2024 hearing, because Lee could offer testimony that would undermine the United States' anticipated evidence implicating certain alleged coconspirators, including Rontario Hill.

Under the Sixth Amendment, a defendant has a right to compulsory process to obtain witness testimony, provided that he "at least make[s] some plausible showing of how their testimony would [be] both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). If the defendant has a right to compel witness testimony but that right "conflicts with a witness' privilege against self-incrimination," the court should "make a proper and particularized inquiry into the legitimacy and scope of the witness' assertion of the privilege." *United States v. Sayles*, 296 F.3d 219, 223 (4th Cir. 2002) (cleaned up). "A district court does not abuse its discretion when it refuses to require a witness to testify before the jury solely to invoke [his] Fifth Amendment privilege." *See, e.g., United States v. Appiah*, 690 F. App'x

807, 809 (4th Cir. 2017); *United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008); *United States v. Smith*, 2018 WL 3447188, at *3 (W.D.N.C. July 17, 2018) (quashing subpoena because witness "assert[ed] his Fifth Amendment privilege to not testify").

The subpoenaed witness faces criminal charges stemming from his alleged role in a related conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. *See* Indictment, *United States v. Lee*, No. 5:21-cv-337-FL-1 (E.D.N.C. Aug. 25, 2021). Given the related nature of his charges, he has repeatedly indicated that he intends to invoke his right against self-incrimination at trial. The court need not require the witness to take the stand solely so that he may exercise his Fifth Amendment privilege. *See, e.g.*, *Branch*, 537 F.3d at 342; *Appiah*, 690 F. App'x at 809 (affirming district court's refusal to permit defendant from calling "a witness who would take the stand solely to invoke her Fifth Amendment privilege").

Accordingly, the pro se motion to quash [DE 167] is GRANTED. The court QUASHES the subpoena requiring the appearance and testimony of Marcus Lee at Defendant's trial.

SO ORDERED this 4th day of April, 2024.

*[signature]*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE